IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01145-SKC-JPO

TIMOTHY KORBE,

    Plaintiff,

v.

DOUG ANDRUS DISTRIBUTING, LLC

    Defendant.

---

### ORDER RE: PLAINTIFF'S MOTIONS IN LIMINE (Dkts. 51, 52, 53, 54) & DEFENDANT'S MOTIONS IN LIMINE (Dkts. 57, 58)

---

This Order addresses the above-referenced motions in limine filed by the parties. This case arises from a car accident that occurred on July 7, 2020, between Plaintiff and a person who was operating a commercial semi-truck while in the course and scope of his employment with Defendant. The semi-truck collided with Plaintiff's vehicle causing Plaintiff to suffer various claimed physical and cognitive injuries. Plaintiff has sued Defendant under theories of respondeat superior and agency liability. Defendant has admitted the semi-truck driver was operating the vehicle within the course and scope of his employment and has admitted liability. Only the nature and extent of Plaintiff's alleged injuries, damages, and losses, are in dispute.

The Court notes that findings and conclusions regarding the motions in limine, like all rulings in limine, are preliminary and can be revisited at trial based on the

1

facts and evidence as they are presented. Subject to these principles, the Court rules as follows:

**A.     Plaintiff's Motions In Limine**

   **1.     Dkt. 51: Dr. Miriam Joseph's Termination—GRANTED**

Dr. Joseph is one of Plaintiff's treating physicians. She testified in her deposition she was fired from her position at the Brain and Behavior Clinic because she failed to "pick up more of the slack with scheduling and things like that" after the person who ran the clinic died. Dkt. 77, p.2 (cited deposition excerpt). Plaintiff argues Dr. Joseph's prior employment termination is not relevant. Defendant argues it is relevant to her credibility.

While it is true that a testifying witness's credibility is always at issue and the jury must assess witness credibility, that truism does not afford the parties free reign to introduce any conceivable circumstance that might bear on a witness's credibility. *Michael v. Rocky Mountain Festivals, Inc.*, No. 1:16-CV-02969-SKC, 2019 WL 10011881, at *3 (D. Colo. July 19, 2019). Instead, Rule 403 sets limits on the expanse of "evidence" a party might offer to attack a witness's credibility. Fed. R. Evid. 403.

As the Court understands it, Dr. Joseph's employment termination had nothing to do with any treatment she provided Plaintiff or any similar treatment she provided other patients; it does not appear her firing had anything at all to do with services she provided as a medical doctor. It instead involved her failure to keep up with administrative tasks of the clinic. These reasons have little bearing on the

credibility of her treatment-based opinions. The Court finds the probative value of the evidence of Dr. Joseph's employment termination is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. The introduction of such evidence could further lead to a mini trial about Dr. Joseph's firing, which would be a waste of time. *Id.* This Motion is GRANTED. Defendant is precluded from introducing this evidence at trial.

### 2. Dkt. 52: Benjamin Essex's Prior Motor Vehicle Collision— PARTIALLY DENIED

One of the witnesses Plaintiff intends to call at trial is Plaintiff's co-worker, Benjamin Essex. Turns out, Mr. Essex is a former client of the same law firm representing Plaintiff in this case. The law firm previously represented Mr. Essex as a plaintiff or claimant in his own lawsuit or claim arising from a motor vehicle collision. Defendant argues the fact that Mr. Essex was previously a litigant or claimant in a personal injury case stemming from a car accident, and in fact was represented by the same counsel that now represents Plaintiff, is highly relevant and speaks to his potential bias against Defendant in this lawsuit. Plaintiff seeks to preclude this evidence.

The Court agrees with Defendant. The fact that Mr. Essex has a prior relationship with Plaintiff's counsel that stems from a similar paradigm of operative facts—i.e., the law firm represented him as a plaintiff or claimant for his own car accident case—is relevant to Mr. Essex's potential bias and credibility. Therefore, the Motion is DENIED insofar as Defendant seeks to introduce evidence that (1) Mr.

3

Essex was involved in a car accident and (2) he was represented by the same lawyers or law firm that now represents Plaintiff when he pursued his own lawsuit or claim over that accident. Defendant is precluded, however, from introducing evidence of Mr. Essex's claimed injuries or the damages he sought, the nature and circumstances of the car accident, and the result of his case or claim—there will be no mini trial of Mr. Essex's prior accident.

Lastly, the Court is suspect of Defendant's additional argument that evidence of Mr. Essex apparently covering Plaintiff's work during periods when Plaintiff required work restrictions goes to Mr. Essex's bias toward Defendant. This evidence has the potential to mislead the jury because that task did not fall to Mr. Essex alone but included other co-workers who also covered Plaintiff's work. The Court will reserve, for trial, ruling on the admissibility of evidence of Mr. Essex covering Plaintiff's workload.

### 3. Dkt. 53: Airbag Deployment—DENIED

In the underlying accident, Plaintiff's car was struck from behind and his airbag did not deploy. Plaintiff seeks to preclude Defendant from introducing evidence that the airbag did not deploy.

But it is an undisputed fact that the airbag did not deploy. This fact seems marginal but it is nonetheless relevant to the overall nature of the accident. To be sure, Plaintiff intends to show dashcam videos or images of the accident which show the airbag did not deploy, so the jury will receive this evidence anyway. And

4

Defendant does not argue nor claim any manufacturing defects or airbag dysfunction. The Motion is DENIED.

### 4. Dkt. 54: Plaintiff's Marijuana Use—GRANTED

Plaintiff testified in his deposition that he tried marijuana following the accident but it did not help with his symptoms. Plaintiff seeks to preclude evidence of his marijuana use as irrelevant and unfairly prejudicial.

Defendant's arguments in support of this evidence are all speculation about how Plaintiff's marijuana use is relevant to his claimed damages. Defendant has not disclosed an expert witness who has opined on the effects of Plaintiff's marijuana use on his injuries, treatment, or prognosis. It instead claims it "reserved the right for Dr. Zimmer to opine on matters not specifically addressed in their reports with the understanding that at the time of the same, discovery had not been completed and all legal theories and relevant facts had not been developed." Dkt. 78. But Defendant did not seek relief from this Court that would allow Defendant to have experts offer opinions at trial that were never disclosed. And this Court has already ruled that no party may introduce evidence or argument at trial of any expert opinions that were not previously disclosed pursuant to Fed. R. Civ. P. 26(a)(2). Dkt. 74.

The Court does not find Plaintiff's prior marijuana use, which appears minimal or fleeting from the record, relevant under Rule 401. But even assuming it is relevant, without expert testimony regarding the relationship or effect of Plaintiff's marijuana use to or on his claimed damages, its probative value is substantially outweighed by

the danger of unfair prejudice and misleading the jury. Fed. R. Evid. 403. The Motion is GRANTED. Defendant is precluded from offering this evidence at trial.

**B.     Defendant's Motions In Limine**

    **1.     Dkt. 57: "Anchoring" Arguments and Questions—DENIED**

    **2.     Dkt. 58: "Golden Rule," "Reptile Theory," or "Community Safety" Evidence and Arguments—DENIED**

> The Court has a lengthy code of evidentiary rules, civil procedure rules and ethical codes of conduct for counsel. If plaintiff's counsel fail to comply with those rules, defendants will make contemporaneous objections and the Court will sustain them—not because counsel's conduct is reptilian [or otherwise] but because it violates the foregoing rules and codes of conduct. The authors of the so-called Reptile Manual have probably made a lot of money selling their book to the plaintiffs' bar but their work has resulted in tremendous waste of judicial time and resources on pointless motions like this.

*Kieffaber v. Ethicon, Inc.*, No. CV 20-1177-KHV, 2021 WL 10863405, at *1 (D. Kan. Mar. 25, 2021). These Motions are DENIED.

DATED: May 29, 2024

                                                BY THE COURT:

                                                S. Kato Crews
                                                United States District Judge